**Walter D. DEVORE, d/b/a Walt's Amoco, Plaintiff and Respondent,**

v.

**Alf L. V. BOSTROM, d/b/a Layton Ford, E & M Ford Sales, a Utah corporation, and Ford Motor Company, a Delaware corporation, Defendants and Appellants.**

No. 17066.

Supreme Court of Utah.

June 23, 1981.

---

David E. Bean, Layton, for defendants and appellants.

Darwin C. Hansen, Bountiful, for plaintiff and respondent.

HOWE, Justice:

Plaintiff brought this action to rescind a contract for the purchase of a new 1979 automobile. The court below granted judgment in his favor in the sum of $10,827, which included an award of $1,735 for attorney's fees and $946 for incidental and consequential damages. Defendant E & M Ford Sales appeals [1] seeking only the reversal of the awards of attorney's fees and incidental and consequential damages.

On April 10, 1979, the plaintiff entered into a written contract for the purchase of a 1979 Ford LTD from the defendant E & M Ford Sales. Pursuant to a prior agreement defendant delivered the vehicle to plaintiff the same day without performing the usual dealer preparation. The next day, plaintiff paid to the defendant the full contract amount of $8,145. That night as the plaintiff was washing the vehicle he noticed that it appeared to have been in an accident since certain areas of the car were damaged. Plaintiff discovered that: a) Both rear fenders had been damaged and partially repaired; b) the rear bumper had been damaged on the right tip and at its center; c) the frame had been damaged just in front of both rear wheels; d) the right top of the trunk lid had been damaged and partially repaired; e) the right rear door overlapped the body of the automobile and appeared to have been damaged, restraightened, and re-painted; f) there appeared to have been roof damage above all four doors; g) the chrome on the right front door and door handle had been oversprayed with paint, no doubt occurring during the repair process; and h) rubbing compound had been used on the car to try to match the paint used in the repair process with the original paint, resulting in scratches on the right front door, right front fender and on the trunk lid.

After having discovered these defects plaintiff contacted the salesman with whom he had dealt, and was assured by him that the defendant dealership would either provide him with a new replacement automobile or would adjust the price downward to reflect the damage to the automobile.

Plaintiff and defendant's employees talked several times during the next two months in an attempt to resolve the problem but were unable to reach an agreement. Thereafter on June 13, 1979, the plaintiff gave the defendant formal written notice that he was rescinding the contract. Plaintiff offered to return the automobile to the defendant in return for the full purchase price, plus the cost of the license plates, insurance premiums, costs and attorney's fees of $900. When defendant refused, plaintiff filed this lawsuit.

From the date of the delivery of the automobile to the plaintiff until the date of the trial herein, he protected the automobile by keeping it in his carport shielded from the elements and did not drive it.

Defendant appeals from the judgment requiring it to pay the plaintiff the sum of $10,827 contending that the trial court erred by granting the plaintiff an award of attorney's fees and incidental and conse-

1. Defendant Alf L. V. Bostrom and defendant Ford Motor Company were dismissed from the action before judgment was rendered.

quential damages claiming neither is provided for by the contract of sale nor by statute.

The contract for the sale of the car specifically provides that:

> *NOTICE TO BUYER*: RECOVERY HEREUNDER BY THE DEBTOR SHALL BE LIMITED TO AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Defendant contends that this contractual clause provides to the plaintiff the remedy of returning the automobile for the purchase price and that he is limited to that remedy. It bases this argument on the statutory language of U.C.A. (1953), § 70A–2–719, which provides in part:

> (1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,
>
> (a) the agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts; and
>
> (b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

The foregoing limitations on remedies and damages are subject to subsection (2) of that statute:

> (2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act.

Although our statutes do not define what circumstances may cause a limited remedy to "fail of its essential purpose," the Official Comment to § 2–719 of the Uniform Commercial Code, which is identical to our foregoing statute, states:

> It is of the very essence of a sales contract that at least minimum adequate remedies be available. If the parties in-

tend to conclude a contract for the sale within this Article they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract.

Under subsection (2), where an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to general remedy provisions of this Article.

In several cases involving the limited warranty of an automobile manufacturer to repair and replace defective parts, the question has arisen as to when such a remedy fails of its essential purpose. In *Ehlers v. Chrysler Motor Corp.*, 88 S.D. 612, 266 N.W.2d 157 (1975), and in *Beal v. General Motors Corp.*, 354 F.Supp. 423 (D.Del., 1973), it was held that the limited remedy failed when the repairs were not made within a reasonable time, thereby depriving the buyer of his contractual remedy. The same result was reached in *Adams v. J. I. Case Company*, 125 Ill.App.2d 388, 261 N.E.2d 1, UCC Rptr. Serv. 1270 (1970) where the manufacturer and dealer of a tractor had limited their liability to repair or replacement. Said the court in that case:

> The manufacturer and dealer have agreed in their warranty to repair or replace defective parts, while also limiting their liability to that extent. Had they reasonably complied with their agreement contained in the warranty, they would be in a position to claim the benefits of their stated limited liability, and to restrict plaintiff to his stated remedy. The limitations of remedy and of liability are not separable from the obligations of the warranty. Repudiation of the obligations of the warranty destroys its benefits.
>
> *     *     *     *     *     *
>
> It should be obvious that they cannot at once repudiate their obligation under their warranty and assert its provisions beneficial to them.

That case was relied upon by the court in *Jones & McKnight Corp. v. Birdsboro Corp.,* 320 F.Supp. 39, (N.D.Ill., 1970), UCC Rptr. Serv. 307, where the court remarked:

> This Court would be in an untenable position if it allowed the defendant to shelter itself behind one segment of the warranty when it has allegedly repudiated and ignored its very limited obligation under another segment of the same warranty, which alleged repudiation has caused the very need for the relief which the defendant is attempting to avoid.

In applying subsection (2) to the facts in the instant case, we conclude that the contract's limited remedy of return of amounts plaintiff paid, failed of its essential purpose when the defendant failed for two months to return the purchase price to the plaintiff even though there was no real dispute as to the defects in the automobile. When the plaintiff entered into the contract which limited the amount which he could recover in the event of defendant's breach, he was entitled to assume that that remedy would not be rendered ineffective by the defendant's failure to comply therewith, thereby causing the plaintiff additional damages. *Jones & McKnight Corp. v. Birdsboro Corp.,* supra.

The purpose of § 70–2–719(2), as reflected in the Official Comments to the Uniform Commercial Code is to make available to an aggrieved party all remedies provided for in our statutory scheme where the limited remedy provided for in the contract fails of its essential purpose. These additional remedies include the incidental and consequential damages as provided in § 70A–2–715:

(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover *and any other reasonable expense incident to the delay or other breach.* [Emphasis added.]

(2) Consequential damages resulting from seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

Although the foregoing section lists many expenses that are included as incidental damages, the list is not intended to be exhaustive but is merely illustrative of the kinds of incidental expenses which can be recovered. See Official Comment 1 to the Uniform Commercial Code, § 2–715; White and Summers, Uniform Commercial Code, Chapter 10 § 3 (1972).

In considering the wording of § 70A–2–715(1) and the Official Comment thereto, the trial court properly allowed as incidental damages the expenses associated with car insurance, license plates, lost wages, and interest on the purchase price of the automobile, and we hereby affirm that portion of the judgment.

Defendant next contends that the award of attorney's fees of $1,735 to the plaintiff *for fees incurred in connection with this action* was improper. The general rule is that attorney's fees are not recoverable unless provided for by statute or contract. *Mecham v. Benson,* Utah, 590 P.2d 304 (1979). The contract here provides only that the seller may recover attorney's fees in case of default by the buyer but has no similar provision in favor of the buyer.

> *Buyer* agrees to pay reasonable attorney's fees (15% if permitted by law) and other expenses incurred by Seller in effecting collection, repossession or resale hereunder. [Emphasis added.]

We therefore find no contractual basis upon which to grant attorney's fees.

Plaintiff argues that attorney's fees should be included as incidental and consequential damages and allowed under § 70A–2–715 set forth above. In a recent well-considered opinion by the Court of Ap-

peals of Kentucky in *Nick's Auto Sales, Inc. v. Radcliffe Auto Sales, Inc.*, Ky.App., 591 S.W.2d 709 (1979) the court addressed that question and held that in accordance with what it stated to be the overwhelming weight of authority, attorney's fees are not recoverable under Uniform Commercial Code § 2–715. Numerous cases were cited by that court in support thereof, including *Murray v. Holiday Rambler, Inc.*, 83 Wis. 2d 406, 265 N.W.2d 513, 24 UCC Rptr.Serv. 522 (1978), where attorney's fees were denied even though the court observed that the remedy provisions of the UCC are to be liberally construed, citing a provision of the Wisconsin statutes similar to our § 70A–1–106. The Kentucky court also noted that White and Summers in their treatise, *supra*, have suggested that "the recovery of legal fees is probably available in rare circumstances only." N. 57, Pg. 320. Anderson in his work, Uniform Commercial Code, states at § 2–715:28 that "attorney's fees, in the absence of statute, are not recoverable as consequential damages."

Attorney's fees have been allowed when incurred in third-party litigation, a situation which we do not have in the instant case. *Universal C.I.T. Credit Corp. v. State Farm Mutual Auto Insurance Company*, Mo.App., 493 S.W.2d 385 (1973), and *Safeway Stores, Inc. v. L. D. Schreiber Cheese Company*, 326 F.Supp. 504 (W.D.Mo. 1971).

In *Morris v. Chevrolet Motor Division of General Motors Corp.*, 39 Cal.App.3d 917, 114 Cal.Rptr. 747 (1974), a case cited by the plaintiff, the facts are similar to the instant case in that a purchaser of an automobile sought rescission of the purchase agreement and damages including storage charges and attorney's fees for a breach of warranty, and there was a contractual provision which provided that in case of delinquency, the buyer shall pay reasonable collection costs and attorney's fees. Again, there was no similar provision in favor of the buyer but the California Court of Appeals affirmed the trial court's award of attorney's fees to the buyer. That case is distinguishable from our own in that the seller's liability for attorney's fees was predicated upon Section 1717 of the California Civil Code, which provides:

In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provision of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

Furthermore, California has adopted the Rees-Levering Motor Vehicle Sales and Finance Act which similarly authorizes the award of attorney's fees. Section 2983.4 of the California Civil Code provides:

Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a conditional sale contract subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer ...

In the absence of similar provisions in the Utah statutory law, we must reverse the trial court's award of attorney's fees to the plaintiff.

Affirmed in part, reversed in part, in accordance with this opinion. No costs awarded.

MAUGHAN, C. J., and HALL and OAKS, JJ., concur.

STEWART, Justice (concurring and dissenting).

I concur with the majority opinion in affirming the award of $946 for car insurance, license plates, lost wages, and interest as incidental damages. However, in my view, the reversal of the award of $1,735 attorney's fees in this case results in a manifest injustice that in effect permits a seller to use the judicial process in an oppressive fashion.

The limited remedy permitted by the contract between plaintiff and defendant "failed of its essential purpose when the defendant failed for two months to return the purchase price to the plaintiff even though there was no real dispute as to the

defects in the automobile." Although I agree generally with the majority's analysis of § 70A–2–715 as to incidental and consequential damages, I do not agree that attorney's fees in this case cannot be considered incidental damages as "any other reasonable expense incident to the delay or other breach." Section 70A–2–715(1).

This action is not between merchants; it is not between persons of relatively equal bargaining power. The dispute is between a consumer and a merchant who dealt on the basis of a contract of adhesion in which the seller specifically provided for attorney's fees to be paid to it by the buyer in the event the seller found it necessary to resort to judicial relief.

The automobile involved was severely defective. The dealer must have known that prior to the delivery of the vehicle, and the buyer surely found out on delivery. The plaintiff was initially assured that the defects would be made good, either by an adjustment in the selling price or by replacement with a new automobile. But the dealer then refused to make good both on the contract and the subsequent promises. Plaintiff was forced to resort to legal process to obtain the relief to which he was clearly entitled. Because plaintiff was forced to sustain the expenses of retaining counsel and going to trial, the plaintiff cannot possibly be made whole if he must bear the burden of attorney's fees.

I well recognize that in this country we generally—but not always—follow a different rule than that followed in England on the ground that access to the courts should not be unduly burdened. But in this case it is oppressive to force the buyer to resort to a court for a remedy obviously due him. A consumer who is delivered undeniably damaged goods by a vendor, who admits as much, and then fails to follow through on his duty to rectify the situation, surely ought to make the vendee whole. No doubt some vendors simply refuse to settle because of the *in terrorem* effect on consumers of having to go to court with the knowledge that they won't be made whole, even if they prevail. If there is a policy in

justice and reason that justifies that result, I have not thought of it. To add to the irony, we would be required, if the dealer had brought suit, to award attorney's fees to the dealer on the ground that the contract provided for attorney's fees—irrespective of the fact that the contract is one of adhesion.

A recent case dealing with a similar situation is *Cady v. Dick Loehr's Inc.*, 100 Mich. App. 543, 299 N.W.2d 69 (1980). There plaintiff bought a motor home which, from the beginning, was subject to vibration problems. The manufacturer of the vehicle requested that it be returned to the factory for inspection, but after determining the nature of the problem refused to rectify it to the satisfaction of plaintiff. The trial court found that the vibrations were a major defect, and, in addition to awarding damages for breach of warranty, awarded attorney's fees to plaintiffs based on the Michigan Uniform Commercial Code provision identical to our § 70A–2–715. The appellate court agreed that attorney's fees could be awarded at the discretion of the trial court as a "reasonable expense incident to the breach." *Id.*, 299 N.W.2d at 72. The instant case is even more compelling for the award of attorney's fees.

In this case the award of attorney's fees was, in my view, proper.