Hugh **SCHURTZ**, Plaintiff and Appellant,

v.

**BMW OF NORTH AMERICA, INC.**, Clark Buick–Datson–GMC–BMW, Inc., BMW of Murray, and Does I through X, Defendants and Appellees.

No. 880399.

Supreme Court of Utah.

June 21, 1991.

David A. McPhie, Salt Lake City, for plaintiff and appellant.

Lewis T. Stevens, Craig W. Anderson, Salt Lake City, for defendant and appellee BMW of North America.

T. Patrick Casey, Salt Lake City, for defendant and appellee Clark Buick–Datsun–GMC–BMW.

ZIMMERMAN, Justice:

Hugh Schurtz brought suit against BMW of North America and against Clark Buick–Datsun–GMC–BMW, Inc., BMW of Murray, and John Does I through X (collectively "BMW") alleging (i) breach of express and implied warranties under (a) the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2310(d)(1) and 2301(6) (1974), and (b) Utah Uniform Commercial Code, sections 715 and 719, Utah Code Ann. §§ 70A–2–715 and –719 (1990); and (ii) negligent and/or intentional misrepresentation, in violation of the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13–11–1 to –23 (1990). The district court entered an order granting defendant BMW partial summary judgment, disallowing Schurtz's claim for incidental and consequential damages on a breach of warranty claim, and awarding Schurtz attorney fees in an amount less than the amount that Schurtz claimed he was owed. Schurtz appeals. He claims that the district court erred in granting BMW's motion for partial summary judgment on the damage issues. He also claims that the trial court erred in awarding judgment for less than the full amount of claimed attorney fees. We vacate both the summary judgment and the attorney fees award and remand the matter for further proceedings.

In February 1982, Hugh Schurtz purchased a 1982 BMW 320i from BMW of Murray. The car carried a written warranty limiting BMW's responsibility to the repair or replacement of defective parts within three years or 38,000 miles. The limited warranty specified that the decision to repair or replace was within the sole discretion of BMW. Of central concern for the purposes of the appeal were additional warranty provisions stating that "BMW of North America, Inc., makes no other express warranty on this product" and that "BMW of North America, Inc., hereby excludes incidental and consequential damages ... for any breach of any express or implied warranty."[1]

---

1. The full text of the limited warranty reads as follows:

> BMW of North America, Inc., warrants this vehicle to be free of defects in materials or workmanship for a period of 3 years or 38,000 miles, whichever occurs first, commencing with the date the vehicle is first licensed or placed in service as a "demonstrator" or "company car." To obtain service under this warranty, the vehicle must be brought, upon discovery of the defect, to the workshop of any authorized BMW dealer. This dealer will, without charge for parts or labor either repair or replace the defective part(s). The decision to repair or replace said part(s) being wholly the responsibility of BMW of North America, Inc. Parts for which replacements are made become the property of BMW of North America, Inc.

After allegedly encountering numerous problems with the car, Schurtz filed the present action. He claimed that immediately after purchase, he experienced difficulties with the car. He further asserted that BMW breached the limited warranty because it was either unable or unwilling to repair or replace the car. Schurtz claimed (i) breach of written and implied warranties in contravention of the Magnuson Moss Act, 15 U.S.C. §§ 2301(6) and 2310(d)(1) (1974); (ii) negligent misrepresentation; (iii) breach of the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13–11–1 to –23 (1990); and (iv) breach of express and implied warranties made actionable by code sections 70A–2–715 and –719 (1990). Schurtz sought damages including the purchase price of the automobile, incidental and consequential damages, attorney fees, costs, and punitive damages.

BMW filed a motion for summary judgment, seeking dismissal of all Schurtz's warranty claims. Pertinent to this appeal is the alternative motion for partial summary judgment in which BMW sought to have Schurtz's claims for incidental and consequential damages dismissed, arguing that these claims were barred by the express provisions of the limited warranty.

In response to this alternative motion, Schurtz argued that the limited warranty's provision excluding incidental and consequential damages and limiting the remedy for breach to repair or replacement was invalid under section 2–719(2) of the Utah U.C.C. He reasoned that a provision excluding incidental and consequential damages is invalid under section 70A–2–719(2) if the warranty to repair or replace "fails of its essential purpose" and that the limit-ed BMW warranty failed of its essential purpose because BMW was either unable or unwilling to repair his car.

BMW responded to this argument by contending that under the U.C.C. the limited warranty provision excluding incidental and consequential damages remains valid even if the warranty of repair or replacement fails of its essential purpose. BMW argued that section 2–719(3) governs incidental and consequential damage provisions and specifically allows a provision to exclude incidental and consequential damages unless it is "unconscionable." BMW argued that "unconscionability" under subpart (2) does not arise merely because a limited warranty to repair or replace fails of its "essential purpose."

The issue thus joined is the critical issue of this appeal. Specifically, are subparts (2) and (3) of section 2–719 of the Utah U.C.C. to be read dependently, as Schurtz argues, or independently, as BMW claims and the trial court found? A dependent reading would mean that any limitation on incidental and consequential damages under subpart (3) would be ineffective in the event that the contingency in subpart (2), a failure of the essential purpose of the limited warranty, occurred. An independent reading would mean that the occurrence of the condition specified in subpart (2) would not mean the automatic invalidity of a limitation on incidental and consequential damages. Because the disposition of this issue turns on section 70A–2–719 of the Utah U.C.C., we set it forth here:

(1) Subject to the provisions of subsections (2) and (3) of this section and of the

BMW of North America, Inc., makes no other express warranty on this product except the warranty as to the emission control system or the Limited Warranty–Rust Perforation. THE DURATION OF ANY IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY, IS LIMITED TO THE DURATION OF THE EXPRESS WARRANTY HEREIN. BMW OF NORTH AMERICA, INC., HEREBY EXCLUDES INCIDENTAL AND CONSEQUENTIAL DAMAGES, INCLUDING LOSS OF TIME, INCONVENIENCE, OR LOSS OF USE OF THE VEHICLE, FOR ANY BREACH OF ANY EXPRESS OR IMPLIED WARRANTY, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY, APPLICABLE TO THIS PRODUCT. Some states do not allow limitations on how long an implied warranty lasts, or the exclusion of incidental or consequential damages, so the above limitations and exclusions may not apply to you.

This warranty gives you specific legal rights, and you may also have other rights which vary from state to state. Any legal claim or action arising from any express or implied warranty contained herein must be brought within 12 months of the date it arises.

preceding section on liquidation and limitation of damages,

a) the agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and

b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive remedy or limited remedy to fail of its essential purpose, remedy may be had as provided in this act.

(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

The motion for partial summary judgment was heard on July 22, 1988, and taken under advisement by the court. The matter came for trial on August 1, 1988. On the first day of trial, a jury was impaneled, counsel made their opening statements, and Schurtz was called as the first witness. On the second day of trial, before any further evidence was taken, the court ruled on the summary judgment motion filed previously by BMW. The court denied BMW's motion to dismiss all Schurtz's warranty claims, but it granted BMW's motion with respect to Schurtz's claim for incidental and consequential damages. The court agreed with BMW and concluded that subparts 70A–2–719(2) and (3) operate independently. When a warranty limits the remedies available to the buyer to repair or replacement and also provides that the buyer may not recover incidental and consequential damages, if the repair or replacement provision fails of its essential purpose, the incidental and consequential damages limitation in the warranty remains valid.

Following this decision, an agreement was reached between the parties under which BMW, although not conceding the issues of breach of warranty and breach of contract, would refund the car's purchase price of $14,500 to Schurtz upon return of the car, minus a credit to BMW for actual use by Schurtz in the amount of 16 cents per mile for 22,516 miles, for a total credit of $3,602.56. It was further agreed that Schurtz would be deemed the prevailing party for the purpose of obtaining attorney fees as provided for by the Magnuson–Moss Act, 15 U.S.C. § 2310(d)(2). Under that provision, the prevailing party is entitled to such fees as the court determines were "reasonably incurred" in prosecuting the action.

Following entry of the parties' agreement, the court held a hearing to determine the reasonable attorney fees due Schurtz. Schurtz requested fees of $44,069.15, the amount which he claimed he had incurred in prosecuting the claim. BMW contended that he was not entitled to any attorney fees or, in the alternative, entitled only to an award sufficient to compensate him to the point where he filed his complaint and received an offer for settlement based on rescission on the theory that the lawsuit was unnecessary and the fees were unreasonable. The court awarded Schurtz only $10,000 on the ground that the matter "could have been and probably should have been settled very early in the proceedings, for an amount roughly equal to the ultimate outcome." The court, in awarding a discounted sum of fees to Schurtz, operated on the assumption that Schurtz should have known that he was not entitled to incidental and consequential damages and therefore spent more money prosecuting the action than was justified. Schurtz appeals from the grant of summary judgment and from the award of fees.

█ We note at the outset that a challenge to a summary judgment presents for review only conclusions of law because, by definition, cases decided on summary judgment do not resolve factual disputes. *See* Utah R.Civ.P. 56(c); *Landes v. Capital*

*City Bank,* 795 P.2d 1127, 1129 (Utah 1990). We therefore accord no deference to a trial court's legal conclusions given to support the grant of summary judgment, but review them for correctness. *See, e.g., Allen v. Ortez,* 802 P.2d 1307, 1309 (Utah 1990); *Landes,* 795 P.2d at 1129.

 The fundamental question before us is whether the trial court correctly held that the failure of essential purpose of a repair or replace provision in a limited warranty does not affect the validity of a companion provision in the warranty precluding incidental and consequential damages or, in other words, that subparts (2) and (3) should operate independently. To determine the answer, we must determine the proper interpretation of subparts 2–719(2) and (3) of the Utah U.C.C. In so doing, we review the language of the statute, the legislative history, and the relevant policy considerations.

We first look to the statute's plain language. Only if we find some ambiguity need we look further. *Bonham v. Morgan,* 788 P.2d 497, 500 (Utah 1989); *Williams v. Mountain States Tel. & Tel. Co.,* 763 P.2d 796, 799 (Utah 1988); *P.I.E. Employees Federal Credit Union v. Bass,* 759 P.2d 1144, 1151 (Utah 1988). Subparts 2–719(2) and (3) must be put in context. Chapter 2 of the Utah U.C.C. deals with sales, and part 7 deals with sales remedies, spelling those remedies out in some detail. For example, section 2–713 deals with a buyer's damages for nondelivery or repudiation, section 2–714, a buyer's damages for breach in respect of accepted goods, and section 2–715 describes the availability of incidental and consequential damages. The section with which we are concerned, section 2–719, follows those explaining the various remedies. Utah Code Ann. § 70A–2–719 (1990).

Section 2–719 states the contractual limitations or modifications that may be made in the remedies provided for in the earlier sections of part 7. Subpart (1) of section 2–719 states that, consistent with subparts (2) and (3) of that section, the parties may limit the remedies provided in chapter two of the agreement between the buyer and seller to, for example, "repair and replacement of non-conforming goods or parts." Subpart 2–719(2) then provides that a limitation of remedies may become ineffective: "[W]here circumstances cause an exclusive remedy or limited remedy to fail of its essential purpose, [then] remedy may be had as provided in this act." As we recognized in *Devore v. Bostrom,* 632 P.2d 832, 835 (Utah 1981), where a limited remedy fails of its essential purpose, the buyer may pursue all remedies provided in that part of the U.C.C., including the recovery of incidental and consequential damages under section 2–715.

Subpart 2–719(3) deals separately with provisions expressly limiting damages otherwise available under section 2–715. That section provides, "Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable."

From the statute's language, it appears that subparts (2) and (3) are to operate independently. A scheme is established under which express agreements disclaiming incidental and consequential damages are to be governed by subpart (3), and the validity of these exclusions is tested by "unconscionability," while agreements disclaiming all the other contractual remedies provided in chapter two are governed by subparts (1) and (2) and their validity is tested by "failure of essential purpose as well as the general unconscionability requirements of the Code."

This independent reading of the two provisions also conforms to the general rule that we should construe statutory provisions so as to give full effect to all their terms, where possible. *Madsen v. Borthick,* 769 P.2d 245, 252 n. 11 (Utah 1988). If we were to read subparts (2) and (3) as dependent, we would effectively read out the unconscionability test of subpart (3) for determining the validity of a provision limiting incidental and consequential damages and substitute "failure of essential purpose" from subpart (2) as the operative text. Such a reading seems to fly in the face of the plain language of the statute.

The statute's terms lead us to conclude that subparts (2) and (3) should be read

independently. We recognize that courts across the country are split on the question, suggesting that a number of courts find the statute's language less than clear. *See, e.g., KKO Inc. v. Honeywell, Inc.,* 517 F.Supp. 892 (N.D.Ill.1981); *Clark v. International Harvester,* 99 Idaho 326, 581 P.2d 784 (1978); *Adams v. J.I. Case Co.,* 125 Ill.App.2d 388, 261 N.E.2d 1 (1970); *Kelynack v. Yamaha Motor Corp. USA,* 394 N.W.2d 17 (1986); *Goddard v. General Motors Corp.,* 60 Ohio St.2d 41, 396 N.E.2d 761 (1979); *Johnson v. John Deere Co.,* 306 N.W.2d 231 (S.D.1981) (finding that the provisions should be read dependently). *But see Chatlos Sys. v. National Cash Register Corp.,* 635 F.2d 1081 (3d Cir.1980); *American Elec. Power Co. v. Westinghouse Elec. Corp.,* 418 F.Supp. 435 (S.D.N.Y.1976); *Stutts v. Green Ford, Inc.,* 47 N.C.App. 503, 267 S.E.2d 919 (1980) (reading the provisions independently). Our position is in accord with the Third Circuit's statement in *Chatlos Systems:*

> It appears to us that the better reasoned approach is to treat the consequential damages disclaimer as an independent provision, valid unless unconscionable [subpart (3)].... The limited remedy of repair [subpart (2)] and a consequential damages exclusion are two discrete ways of attempting to limit recovery for breach of warranty.... The code, moreover, treats each by a different standard. The former survives unless it fails of its essential purpose, while the latter is valid unless it is unconscionable. We therefore see no reason to hold, as a general proposition, that the failure of the limited remedy provided in the contract, without more, invalidates a wholly distinct term in the agreement excluding consequential damages. The two are not mutually exclusive.

*Chatlos Systems,* 635 F.2d at 1086 (bracketed material added).

Our independent reading of the two subparts is consistent with the only thing that could be described as legislative history on the issue, the comments of the drafters of the Uniform Commercial Code. The comment to section 70A–2–719 does not expressly state whether the remedies provided for by section 70A–2–719(2) should include incidental and consequential damages when a limited warranty specifically excludes them. *See* U.C.C. § 2–719 comment (1990). However, the general terms of the comment, when viewed in light of the other provisions of part 7, are furthered by an independent reading of subsection 70A–2–719(2) and subsection 70A–2–719(3). The comment explains that 2–719 permits contractual limitations on remedies to be overthrown in certain circumstances, and consequently, parties who conclude a contract for sale, even one with limitations of remedies, "must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract." Such a "fair quantum of remedy for breach" is available when subparts (2) and (3) are given an independent reading.

Our independent reading of subparts (2) and (3) is also supported by sound policy considerations. And with some careful tuning, our independent reading of the two subparts can accommodate the values that appear to have driven a number of courts to read these two provisions as dependent.

As noted above, there is a split among the courts across the country, with some courts reading (2) and (3) independently and others reading them dependently. These positions may appear irreconcilable. However, when the facts of the cases are taken into account, the policy considerations that seem to underlie the decisions holding the two subparts dependent appear reconcilable with the considerations underlying those holding them independent, and the split of authority on the question of a dependent or independent construction seems largely a result of the context in which the question was presented to the courts.

In cases where the buyer is a consumer, there is a disparity in bargaining power, and the contractual limitations on remedies, including incidental and consequential damages, are contained in a preprinted document rather than one that has been negotiated between the parties, the courts have held uniformly that if the limited warranty

fails of its essential purpose, the consumer should be permitted to seek incidental and consequential damages. The courts usually reach this result by reading the two subparts dependently. *See, e.g., Clark v. International Harvester*, 99 Idaho 326, 581 P.2d 784 (1978). On the other hand, in cases where the parties are operating in a commercial setting, there is no disparity in bargaining power, and the contract and its limitations on remedies are negotiated, most courts have concluded that if a limited warranty fails of its essential purpose, any contractual limitation on incidental and consequential damages is not automatically void. The subparts are read independently and the surviving limitation on incidentals and consequentials remains valid absent a showing of unconscionability.[2] *E.g., V-M Corp. v. Bernard Distrib. Co.*, 447 F.2d 864, 869 (7th Cir.1971); *American Elec. Power Co.*, 418 F.Supp. at 457–59.

In our view, both the consumer and the nonconsumer situation can be dealt with in a manner that reconciles the apparent split of authority in the cases by giving an independent reading to subparts (2) and (3). When trial courts are addressing the subpart (3) issue of unconscionability in any specific case, they should take an approach that frankly recognizes the differences that inhere in consumer, as opposed to commercial, settings and affect the determination of unconscionability. This distinction is recognized in other areas of the U.C.C. *See, e.g.,* J. White & R. Summers, U.C.C. §§ 4–2 to 4–9 (difference in unconscionability determination in consumer and commercial setting); 12–1 to 12–5 (difference in warranties to consumers and merchants); 14–8 to 14–9 (consumer/merchant distinction in rights of holders in due course) (2d ed.1980). We think the results in the cases we have canvassed amount to a recognition of this distinction in section 2–719 cases. Under such an approach, the trial court confronted with an issue of unconscionability takes into account any disparities in bargaining power between the parties, the

negotiation process, if any, and the type of contract entered into by the parties, specifically addressing whether the contract was one of adhesion. As noted above, in practice after these factors are examined and weighed, a trial court will generally find that provisions limiting incidental and consequential damages are unconscionable in consumer settings and conscionable in commercial settings. We acknowledge that the outcome in any particular case may diverge from this pattern because of the facts; but that is only a recognition of the difficulty of neatly categorizing transactions as commercial or consumer.

An analysis that takes a case-by-case approach to the question of unconscionability accommodates the results in virtually all the cases dealing with the relationship between subparts (2) and (3). It also provides the courts with a flexible tool for determining the validity of limitations on incidental and consequential damages that serves well the different policies appropriate to consumer and commercial settings. For example, where such a limitation is freely negotiated between sophisticated parties, which will most likely occur in a commercial setting, it seems unlikely that a court will find a provision limiting incidental and consequential damages unconscionable and free the buyer from that provision simply because some other limited warranty provision has failed of its essential purpose. On the other hand, where a limitation of incidentals and consequentials is nonnegotiable and preprinted on a standard form limited warranty that is sealed in a package with consumer goods or stuffed in a glovebox, where it will never be seen until after the goods are sold, as may often occur in consumer transactions, then it seems more likely that a court will find that the freedom to contract for limitations on remedies described in subparts 2–719(1) and (3) has not really been meaningfully exercised by both parties and the limitation will be held unconscionable. *See Resource Management Co. v. Weston Ranch & Livestock*

---

**2.** There are exceptions to this. Several courts have automatically invalidated incidental and consequential damages provisions upon failure of essential purpose even in commercial set-

tings. *See, e.g., KKO Inc.*, 517 F.Supp. at 898; *Jones & McKnight Corp. v. Birdsboro Corp.*, 320 F.Supp. 39, 43–44 (N.D.Ill.1970).

*Co.,* 706 P.2d 1028 (Utah 1985); *Bekins Bar V Ranch v. Huth,* 664 P.2d 455 (Utah 1983); *Henningsen v. Bloomfield Motors, Inc.,* 32 N.J. 358, 161 A.2d 69 (1960).

■ In light of the foregoing, we conclude that the trial court erred in ruling on the motion for partial summary judgment that, as a matter of law, Schurtz was not entitled to incidental and consequential damages. Although the trial court correctly held that subparts (2) and (3) of section 2–719 are to be read independently, it erred by not then determining whether the facts of this case warrant a finding that the limitation of incidental and consequential damages is unconscionable under subpart 2–719(3).[3] And if it had so found, it should have made findings of fact to support the result.

We vacate the summary judgment and remand for further proceedings on the warranty question in accordance with this opinion.

Schurtz also claims that it was error for the court to award a discounted sum of attorney fees because it was based on the legal assumption that Schurtz could not recover incidental and consequential damages and should have known that fact. Because that assumption was incorrect, the trial court must readdress the attorney fees question after deciding the warranty issues.

HALL, C.J., and DURHAM, J., concur.

HOWE, Associate Chief Justice (Concurring and Dissenting):

The issue in this case was presented and decided by this court in 1981 in *Devore v. Bostrom,* 632 P.2d 832 (Utah 1981). The majority opinion in this case attempts to distinguish it "because the contract in *Devore* did not expressly exclude recovery of incidental and consequential damages." It is true that in the opinion of this court in *Devore,* it does not appear whether the written limited warranty given the buyer

---

**3.** Justice Howe, in his concurring and dissenting opinion, maintains that "[t]he issue in this case was presented and decided by this court in 1981 in *Devore v. Bostrom,* 632 P.2d 832 (Utah 1981)." We disagree.

In *Devore,* a car had been sold under a warranty stating that "recovery hereunder by the [buyer] shall be limited to amounts paid by the [buyer]." We held that upon the failure of the seller to comply with the terms of the limited warranty by returning the monies paid, the buyer was entitled to recover both the amount paid and incidental and consequential damages. We reasoned that under subpart (2) of section 70A–2–719, when the limited remedy provided in the warranty failed of its essential purpose, the buyer was entitled to any remedy "provided in this act," including incidentals and consequentials. We never mentioned subpart (3) of 2–719 in *Devore,* presumably because the contract in question did not contain an express provision limiting recovery of incidental and consequential damages.

Justice Howe comes to the conclusion that *Devore* governs the instant case by assuming that it is immaterial whether a contract providing a limited remedy pursuant to subpart (2) also contains an express provision excluding incidental and consequential damages, as authorized by subpart (3). It is, however, precisely the presence of such an express provision that raises the conflict between subparts (2) and (3) which we address. Demonstrative of the fact that it is the presence of an express limitation

on incidentals and consequentials that raises this issue is the fact that every case we have found directly addressing the question of whether subparts (2) and (3) should be read dependently or independently involved agreements containing *both* a limited warranty and an *express* limitation on incidental and consequential damages.

*Devore* and our decision in the instant case are completely reconcilable. Under *Devore,* if the seller provides a limited warranty under subpart (2) and that warranty fails of its essential purpose, all damages provided in the act are available, including incidentals and consequentials. However, if the contract containing the limited warranty also contains a limitation of incidental and consequential damages, then upon proof of the failure of the limited warranty of its essential purpose, the buyer may be entitled to other remedies provided in the act, but not incidental and consequential damages, unless the court first finds that that limitation would be unconscionable.

Not only is the result we reach today compatible with *Devore,* but also it gives meaning to the two separate standards contained in subparts (2) and (3) and provides a workable rule for both commercial and consumer transactions. When the parties to a sale expressly agree not only to a limited warranty, but also to a limitation on incidental and consequential damages, they are entitled to have both provisions given effect. And that is the effect of the independent reading we give subparts (2) and (3) today.

*expressly* excluded incidental and consequential damages. However, the Utah U.C.C. does not require that they be "expressly" excluded. All that is required is that the *limited warranty* be agreed upon as exclusive. Utah Code Ann. § 70A–2–719(1)(b) provides:

> (b) [R]esort to a [limited] remedy as provided is optional unless the [limited] remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

When a limited remedy is agreed upon, incidental and consequential damages are *necessarily* excluded. In *Devore,* the limited warranty given the buyer stated, "NOTICE TO BUYER: RECOVERY HEREUNDER BY THE DEBTOR SHALL BE LIMITED TO AMOUNTS PAID BY THE DEBTOR HEREUNDER." That language certainly cannot be construed to mean anything other than that the buyer's sole remedy was to recover the amounts he or she had paid. The words "shall be limited to amounts paid" mean no other amounts. We so regarded it and wrote the opinion on that premise. Otherwise, the case could have been disposed of summarily in favor of the buyer. The majority, however, finds *Devore* not controlling because the limited warranty was not followed by superfluous language also excluding incidental and consequential damages. This additional requirement makes no sense in my opinion. Section 70A–2–719(1)(b) provides that when a remedy is agreed upon to be exclusive, "it is the sole remedy." The buyer agreed to an exclusive remedy, and we correctly regarded it as his sole remedy even though all other remedies may not have been expressly excluded. *Devore* controls the instant case, and the summary judgment against the buyer must be reversed.

Utah Code Ann. § 70A–2–719(1)(a) provides in part:

> (a) The agreement may ... limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts....

That subsection allows a seller to give only a limited warranty consisting of (1) return of goods and repayment of the price, as was the case in *Devore,* or (2) repair and replacement of nonconforming goods or parts as in the instant case. In both cases, the limited warranty is intended to be exclusive. In *Devore,* the automobile dealer failed to repay the purchase price of the automobile when the buyer offered to return the damaged automobile. In the instant case, the automobile dealer has allegedly failed to replace the nonconforming automobile. Because of the failure of the automobile dealer in *Devore* to honor the limited warranty of repayment of the purchase price to the buyer, we held that subsection (2) of section 70A–2–719 came into operation. That subsection provides: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act." In *Devore,* we held:

> The purpose of section 70A–2–719(2) as reflected in the Official Comments to the Uniform Commercial Code is to make available to an aggrieved party *all* remedies provided in our statutory scheme where the limited remedy provided for in the contract fails of its essential purpose. *These additional remedies include the incidental and consequential damages as provided in section 70A–2–715.*

*Devore,* 632 P.2d at 832 (emphasis added). Essentially, we held in *Devore* that the automobile dealer could not use the very provision of a warranty which it failed to honor as a reason for limiting the trial court's award of incidental and consequential damages. We relied in part on *Adams v. J.I. Case Co.,* 125 Ill.App.2d 388, 261 N.E.2d 1 (1970) (a case cited but rejected by the majority opinion in the instant case), where the manufacturer and a dealer of a tractor had limited their liability for repair or replacement. We quoted with approval the following statement from that court's opinion:

> The manufacturer and the dealer have agreed in their warranty to repair or replace defective parts while also limiting their liability to that extent. Had they reasonably complied with their agree-

ment contained in the warranty they would be in a position to claim the benefits of their stated limited liability and to restrict plaintiff to his stated remedy. The limitations of remedy and of liability are not separable from the obligations of the warranty. Repudiation of the obligations of the warranty destroy its benefits.... It should be obvious that they cannot at once repudiate their obligation under their warranty and assert its provisions beneficial to them.

125 Ill.App.2d at 402, 261 N.E.2d at 9.

It is therefore clear to me that in *Devore* we held that when an exclusive or limited remedy fails of its essential purpose, "remedy may be had as provided in this act," which includes incidental and consequential damages as provided for in section 70A–2–715. That right should not be limited or curtailed by subsection (3) of 70A–2–719, which provides that consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. That subsection does not address the problem when the exclusive or limited remedy has failed of its essential purpose. Subsection (3) should be interpreted to mean that where there is an exclusive or limited remedy that does *not* fail of its essential purpose, consequential and incidental damages may not also be recovered unless denying recovery would be unconscionable, such as is suggested in subsection (3), where the buyer has sustained personal injuries as a result of the breach of warranty. By so interpreting subsection (3), we do not "read it out" of the statute as feared by the majority opinion.

In summary, *Devore* and the instant case cannot be distinguished despite the majority's attempt. It therefore follows that the buyer in the instant case is entitled to reversal of the summary judgment against him and to a remand of this case to the trial court for a factual determination as to whether the limited warranty failed of its essential purpose. If the buyer prevails on that issue, he then, under *Devore*, is entitled to incidental and consequential damages. *Devore* settled that question, and I submit that case should remain the law since it is predicated on the perfectly sound

premise that a seller who fails to honor his own limited warranty is in no position to resist the award of incidental and consequential damages afforded to buyers under section 70A–2–715. When a limited warranty fails of its essential purpose (which is usually because the seller will not honor it), what remedy does the buyer have if he fails to prove (as required by the majority) that the limitation on recovery of incidental and consequential damages is unconscionable? Neither the majority opinion nor Justice Stewart's opinion provides an answer. This denial would seem to fly in the face of the official comment to section 2–719, which reads:

> [I]t is of the very essence of a sales contract that at least *minimum adequate remedies* be available. If the parties intend to conclude a contract for sale within this Article they must accept the legal consequence that *there be at least a fair quantum of remedy* for breach of the obligations or duties outlined in the contract.

U.C.C. § 2–719 comment (1990) (emphasis added).

The bench and bar will be confused by the majority opinion and *Devore* standing side by side, each reaching a different result on similar facts. We should not have a different rule for a case where incidental and consequential damages are *necessarily* excluded by the existence of a limited warranty which is made the buyer's *sole and exclusive* remedy, such as *Devore*, and the instant case where incidental and consequential damages are *expressly* excluded.

STEWART, Justice (Concurring and Dissenting):

I agree with the majority opinion that Utah's U.C.C. § 70A–2–719(2) does not mandate that consequential damages be allowed every time a limited warranty fails of its essential purpose. However, there may be circumstances in which the failure of a limited warranty will also result in the failure of a clause limiting consequential damages. The question is primarily one of contract interpretation, in my view, rather than one of statutory construction, as both

the majority and Justice Howe in his opinion seem to suggest.

Section §70A–2–719(1) authorizes a limited or exclusive remedy. Section 70A–2–719(2) provides that if "circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act." The phrase "as provided in this act" does not invalidate an otherwise valid contractual provision. The true question is whether, based on an interpretation of the contract, the failure of an exclusive or limited remedy also causes the failure of a consequential damages limitation. The answer to this question depends on the contract rather than the U.C.C. In other words, if the contract is interpreted in such a way that the consequential damages limitation must fail with the limited remedy, then incidental and consequential damages may be recovered as provided in the U.C.C. On the other hand, if the failure of the limited remedy does not cause the failure of the consequential damages limitation, then that limitation must be evaluated under the unconscionability standard of § 70A–2–719(3).

Sustaining an otherwise valid consequential damages limitation, even though a limited remedy has failed of its essential purpose, is entirely consistent with the terms and framework of the U.C.C. Under the U.C.C., a seller may limit consequential damages without otherwise limiting a buyer's remedies. *See, e.g., Adams Laboratories, Inc. v. Jacobs Eng'g Co.*, 486 F.Supp. 383, 388 (N.D.Ill.1980). There is no reason to hold that a seller and a buyer may not enter into a contract which provides for the limitation of consequential damages, so long as it is not unconscionable, in the event that a limited remedy fails of its essential purpose. The U.C.C. certainly does not mandate such a conclusion. Although generally the failure of the essential purpose of a limited remedy will also invalidate a consequential damages limitation, there are cases when it will not.

Our holding in *Devore v. Bostrom*, 632 P.2d 832 (Utah 1981), does not conflict with this analysis. In *Devore*, there was a limited remedy but not an express consequential damages limitation. As Justice Howe notes, the limited remedy necessarily excluded consequential damages. However, when the limited remedy failed of its essential purpose, there was no longer any contractual limitation of consequential damages. Thus, as *Devore* correctly held, when a limited remedy fails, all remedies provided in the statutory scheme, including consequential damages, can appropriately be recovered. 632 P.2d at 835.

Case law from other jurisdictions, including that cited in the majority opinion, if not expressly following this reasoning, at least does so implicitly. Those cases allowing consequential damages in spite of an express limitation have done so either because the seller repudiated the warranty and therefore could not rely on the warranty's limitation of consequential damages or because the two limitations were so interrelated that the failure of one necessarily caused the failure of the other. *See, e.g., Jones & McKnight Corp. v. Birdsboro Corp.*, 320 F.Supp. 39, 43 (N.D.Ill.1970) (court "would be in an untenable position if it allowed the defendant to shelter itself behind one segment of the warranty when it has allegedly repudiated and ignored its very limited obligations under another segment of the same warranty"); *Clark v. International Harvester Co.*, 99 Idaho 326, 343, 581 P.2d 784, 801 (1978) (both limitations were "integral parts of the provision, reciprocal to one another, and together they represented the agreed allocation of risk between the parties"); *Adams v. J.I. Case Co.*, 125 Ill.App.2d 388, 402, 261 N.E.2d 1, 7 (1970) ("[L]imitations of remedy and of liability are not separable from the obligations of the warranty. Repudiation of the obligations of the warranty destroy its benefits."); *Kelynack v. Yamaha Motor Corp., USA*, 152 Mich.App. 105, 115, 394 N.W.2d 17, 21 (1986) ("repair and replace remedy and the exclusion of consequential damages are integral and interdependent parts of the warranty"; seller cannot "repudiate its limited obligation under the warranty while shielding itself behind another provision of the very warranty it has repudiated"); *Ehlers v. Chrysler Motor Corp.*, 88 S.D. 612, 620, 226 N.W.2d

157, 161 (1975) (seller cannot "repudiate its obligation under the warranty" and at the same time attempt "to shield itself behind the beneficial limitation clause" of the same warranty).

On the other hand, many courts are willing to enforce a completely separate and otherwise valid consequential damages limitation provision. *See, e.g., Chatlos Sys., Inc. v. National Cash Register Corp.,* 635 F.2d 1081, 1086 (3d Cir.1980) ("limited remedy of repair and a consequential damages exclusion are two discrete ways of attempting to limit recovery"; the consequential damages limitation is "valid unless it is unconscionable"); *AES Technology Sys., Inc. v. Coherent Radiation,* 583 F.2d 933, 941 (7th Cir.1978) (court rejected "the contention that failure of the essential purpose of the limited remedy automatically means that a damage award will include consequential damages"; "purpose of the courts in contractual disputes is not to rewrite contracts by ignoring parties' intent; rather it is to interpret the existing contract as fairly as possible when all events did not occur as planned"); *V–M Corp. v. Bernard Distrib. Co.,* 447 F.2d 864, 869 (7th Cir.1971) (court "not persuaded that Section 2–719(2) ... requires the negation of the specific limitations of the contract"); *American Elec. Power Co. v. Westinghouse Elec. Corp.,* 418 F.Supp. 435, 458 (S.D.N.Y.1976) ("totally separate provision" limiting consequential damages does not fail with limited remedy; limited remedy which "fails of its essential purpose ... may be ignored, and other clauses in the contract which limit remedies for breach may be left to stand or fall independently of the stricken clause. Section 2–719 was intended to encourage and facilitate consensual allocations of risks"); *Stutts v. Green Ford, Inc.,* 47 N.C.App. 503, 516, 267 S.E.2d 919, 926 (1980) (failure of limited remedy does not invalidate a "contractual limitation on the recovery of consequential damages").

Although, as a practical matter, the various courts deciding these cases might not agree on how to interpret a particular set of facts, the principle derived from the cases is well-reasoned. In sum, if a consequential damages limitation is not so integrally related to a limited remedy that the failure of the essential purpose of that remedy, or its repudiation by the seller, necessarily invalidates the damages limitation, the consequential damages limitation should be upheld if not unconscionable.

Finally, although unconscionability is more likely to be found in consumer contracts than in commercial contracts, the language of the majority opinion should not be read as creating a presumption of unconscionability in consumer contracts. The majority states: "[A] trial court will generally find that provisions limiting incidental and consequential damages are unconscionable in consumer settings and conscionable in commercial settings." This statement should only be read as descriptive of the usual outcome of these issues and should not be considered as indicative of what the trial court must do.