STATE of Utah, Plaintiff and Respondent,

v.

**Lloyd William NORMAN, Defendant and Appellant.**

No. 15315.

Supreme Court of Utah.

May 24, 1978.

---

Darwin C. Hansen, Bountiful, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Milton J. Hess, Davis County Atty., Farmington, for plaintiff and respondent.

ELLETT, Chief Justice:

The defendant was charged with the offense of attempted criminal homicide and at trial before the judge was found guilty of attempted manslaughter. He has appealed and contends: (1) there is no such crime as attempted manslaughter; and (2) even if there is such an offense, the evidence was not such as to justify a conviction thereof.

The defendant was living with the mother of the victim; and on Christmas Eve he went to the victim's home where the Spirit of Christmas merged into that of Bacchus. Arguments between the defendant and the victim grew in intensity, and finally the defendant went into another room, secured a pistol which he placed in his belt behind him, and returned to the table where a game was being played. The defendant

testified that he sat opposite to the victim, removed the pistol from his belt and placed it upon his lap beneath the table. He cocked the pistol and demanded a knife from the victim. When it was given to him, he threw it against the wall and while undertaking to uncock the pistol, his finger slipped causing the pistol to be fired and the victim was shot in the stomach.

The victim testified that as he was rising from his chair to leave, the defendant stood up, took a gun from his belt and shot him in the abdomen. The victim further testified that the defendant continued to curse and threaten to kill him. Thus, the evidence was sufficient to justify a finding of guilty as charged but did not compel such a finding.

The statute under which the charge was laid reads thus:

(1) Criminal homicide constitutes murder in the second degree if the actor:
* * * (b) Intending to cause serious bodily injury to another, he commits an act clearly dangerous to human life that causes the death of another; . . [1]

Further, the statute that defines the elements of attempt states:

(1) For purposes of this part a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the offense, he engages in conduct constituting a substantial step toward commission of the offense.

(2) For purposes of this part, conduct does not constitute a substantial step unless *it is strongly corroborative of the actor's intent to commit the offense.*[2] [Emphasis added.]

The statute under which the defendant was found guilty of attempting to commit manslaughter reads:

(1) Criminal homicide constitutes manslaughter if the actor:

(a) Recklessly causes the death of another; or

(b) Causes the death of another under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation or excuse; . . . [3]

The question posed by the defendant is this: Under subsection (a) above, can there be an attempt to commit manslaughter as a result of recklessness? In other words, must one *intend* to be reckless?

It seems that one who drives a car at the rate of 100 miles per hour on a narrow street in a residential area would be reckless in the extreme. If he should run into a pedestrian who is lawfully within a crosswalk and causes the death of that pedestrian, he clearly would be guilty of manslaughter. Would it be an attempt if the injured person survives? Suppose the recklessness consisted of driving an automobile at a rate of 100 miles per hour toward a pedestrian in order to scare him, and then suddenly swerving so as to avoid contact. Could it be held that the driver of the car was guilty of attempted manslaughter? The act of recklessness came close to causing death but death did not result therefrom; and unless death does occur, there is no manslaughter. If there cannot be manslaughter, how can there be an attempted manslaughter in such a situation?

■ An attempt to commit a crime is an act done with the intent to commit that crime beyond mere preparation but which falls short of its actual commission, etc.[4] In the instant matter, if there was reckless conduct done *with intent* to commit manslaughter, it would be attempted murder and not merely attempted manslaughter.

**1.** U.C.A., 1953, 76–5–203, enacted by Laws of Utah, 1973, ch. 196 as amended by Laws of Utah, 1975, ch. 53 and Laws of Utah, 1977, ch. 83, § 2.

**2.** U.C.A., 1953, 76–4–101, enacted by Laws of Utah, 1973, ch. 196.

**3.** U.C.A., 1953, 76–5–205, enacted by Laws of Utah, 1973, ch. 196 amended by Laws of Utah, 1975, ch. 53 § 3.

**4.** 22 C.J.S. Crim.Law § 73; 21 Am.Jur.2d, Crim. Law, § 110.

■ We hold that there cannot be an attempt to commit manslaughter under subsection (a) of the statute set out in footnote 3 above.

The law is different as to subsection (b) of the statute. There, the killing may be intentional but due to mental or emotional disturbance on the part of a defendant, he does not possess the element of malice aforethought to justify a verdict of guilty of murder.

■ While inebriation caused by alcoholic beverages voluntarily consumed is not a defense to the commission of a crime, it may affect the mind of a defendant to such an extent that he may not be able to have the requisite mental state which is an essential element of the crime charged.[5]

■ If, in the matter before us, the defendant shot the victim intending to kill him, or to cause him serious bodily injury, but due to intoxication or anger induced by the conduct of the victim he would not be guilty of murder had the victim died, then he would be guilty of manslaughter. In case the victim survives, since the attempt to kill was intentional, the requisite elements for attempted manslaughter would exist and a judgment of guilty would be proper. The elements of manslaughter are included within those required for criminal homicide as set out in the statute above and, therefore in this case, attempted manslaughter is an included offense under the charge set out in the information.

■ It is not known upon which provision of the manslaughter statute the judge based his judgment. We presume that he based it upon the statutes which would justify his ruling absent an·affirmative showing to the contrary. It may be that he was inclined to follow another section of our statute which reads:

(1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes that it would be un-

duly harsh to record the conviction as being for that category of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may enter a judgment of conviction for the next lower category of offense and impose sentence accordingly.[6]

■ The evidence is such as to warrant the judgment made and it is therefore affirmed. No costs are awarded.

MAUGHAN and HALL, JJ., concur.

WILKINS, J., concurs in result.

CROCKETT, Justice: (concurring, but with reservation).

I agree with the result and with what is said in the main opinion except as to that portion thereof which states that there cannot be an attempt to commit manslaughter under subsection (a) of Sec. 76–5–205. I think that under some circumstances there could properly be a conviction of an attempt to "recklessly cause the death of another." If reckless conduct is intentionally directed toward a person (or persons), in such a manner as death would be a natural consequence, but that consequence does not result because of some fortuitous circumstance, the latter fact should not protect the actor from being convicted of attempted manslaughter. He has attempted to do everything required to constitute that crime; and only through the fortuitous circumstance does the crime fall short of completion. Thus his actions could be found to be an attempt to commit the crime.

---

5. U.C.A., 1953, 76–2–306 enacted by Laws of Utah, 1973, ch. 196.

6. U.C.A., 1953, 76–3–402, enacted by Laws of Utah, 1973, ch. 196.