**Quayle CANNON, Jr., and Sheldon R. Brewster, on behalf of themselves and other parties similarly situated, Plaintiffs and Respondents,**

v.

**Leonard W. McDONALD, in his original capacity as Executive Director of the Utah State Retirement Board, and the Utah State Retirement Board, Defendants and Appellants.**

No. 16586.

Supreme Court of Utah.

Aug. 5, 1980.

---

Robert B. Hansen, Atty. Gen., and Mark A. Madsen, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

David A. Westerby and Richard R. Neslen of Kirton & McConkie, Salt Lake City, for plaintiffs and respondents.

MAUGHAN, Justice:

The defendants bring this appeal from the district court's judgment and order granting the plaintiffs' retirement benefits under the Utah State Retirement Act. We reverse. All statutory references are to Utah Code Annotated, 1953, as amended.

The plaintiffs, Quayle Cannon, Jr., and Sheldon R. Brewster, are both at least 65 years of age and have served at least four years in the Utah Legislature. Mr. Cannon served in the state legislature from 1941 through 1945 and Mr. Brewster served from 1937 through 1943, and 1957 through 1960. Their applications for retirement benefits pursuant to 49–10–36 were denied by the defendant, Leonard W. McDonald, acting in his capacity as Executive Director of the Utah State Retirement Board. Upon review of this administrative action, the district court reversed the ruling of the agency and ordered the approval of the plaintiffs' applications for legislative pensions.

The district court's decision was grounded on its interpretation of the pertinent language of 49–10–36 and its conclusion the section grants a pension to all former legislators who had four years or more of legislative service and who were 65 years of age or older. Owing to the nature of the action, the case was tried on stipulated facts and the only issue presented on appeal is the

legal question of the propriety of the district court's interpretation of the statutory provision.

Specifically, 49–10–36 provides in part:

"(1) Upon reaching age 65, and upon application, a legislative pension shall be paid to a member who has credit for four or more years of service as a legislator in the Utah legislature . . ."

■ Thus, the language of the statute grants a legislative pension to ". . . a member who has credit for four or more years service as a legislator." The district court interpreted this phrase broadly and concluded "credit" should be granted for all past legislative service. Therefore, the court reasoned each former legislator who has served four or more years in the Utah Legislature and has reached the age of 65 is entitled to receive the specific legislative pension. We cannot agree with this interpretation or its resultant conclusion.

■ In interpreting the statutory language care must be taken to construe the words used in light of the total context of the legislation,[1] and when the construction of a section involves technical words and phrases which are defined by statute, the provision must be construed according to such peculiar and appropriate meaning or definition.[2]

The critical word in the above quoted phrase is "service" which is defined in 49–10–6(16):

" 'Service' or 'covered service' shall mean service rendered to an employer for compensation which is included in computations relating to membership status or benefit rights . . ."

This definition is supplemented in 49–10–6(17) where the legislature has defined "current service" to mean covered service rendered on or after July 1, 1967, and 49–10–6(18) where "prior service," is defined as "service rendered prior to July 1, 1967, which is creditable in the system herein created."

To determine what prior service is creditable under the Retirement Act we must look to 49–10–17 which explains:

"Credit for prior service shall be granted to employees who become members of the system on or after July 1, 1967, as follows:

"(a) Members of the terminated Utah public employees' retirement system shall be granted prior service credit for covered service rendered between July 1, 1961 and June 30, 1967, which was standing to their credit as of June 30, 1967. In addition, members shall be granted credit for any creditable service rendered prior to July 1, 1961, if they met either of the following two requirements:

"(1) Had qualified for such prior service credit by meeting the requirements for prior service credit as defined and established by the terminated Utah Public Employees' Retirement Act excepting pubic school service and had not taken a refund of contributions paid to the Utah public employees' retirement system, . . ."

The original Utah Public Employees' Retirement Act[3] which was enacted in 1961 specified the requirements for prior service credit in section (18) by stating:

"Credit for prior service shall be granted to the following members of the retirement system:

"(1) Each member of the retirement system who was engaged in performing covered services for an employing unit subject to the act on July 1, 1961 and who performed services for at least ninety days during the period commencing July 1, 1960 and ending June

---

**1.** See *Crist v. Bishop*, Utah, 520 P.2d 196, 198 (1974).

**2.** 68–3–11.

**3.** Chapter 100, Laws of Utah, 1961.

30, 1961 for a department or political subdivision eligible for coverage under this act shall receive credit for all prior services performed by him.

"(2) Each member of the retirement system who engages in performing cover services after July 1, 1961 but prior to July 1, 1962, for an employer, provided that such member was performing services for at least ninety days during the period commencing July 1, 1960 and ending June 30, 1961 for a department or political subdivision eligible for coverage under the provisions of this act."

 Applying this specific definition to the language of 49–10–36 demands an interpretation contrary to that reached by the District Court. Before a past legislator can become eligible for retirement benefits under that section, he must have accumulated four or more years of prior service credit. Because "prior service credit" is defined in 49–10–17 with reference to the original retirement act, the plaintiffs' eligibility for benefits depends upon fulfillment of the requirements of those provisions. However, the plaintiffs have stipulated their prior service does not fulfill the requirements of section 18 of the 1961 Act. Therefore, they do not qualify for a legislative service pension under the present legislation and the District Court's judgment must be reversed.

The plaintiffs ingenious argument that legislators cannot accumulate "service credit" because they cannot perform "service" or "covered service" is not persuasive. The argument falls in the face of the explicit language of 49–10–36(3) which explains:

"Members of the legislature, retired and inactive members with four or more years of *legislative service credit*, including former governors, and widows eligible for a pension under this section . . ." (emphasis added).

WILKINS, HALL and STEWART, JJ., concur.

CROCKETT, C. J., being disqualified, does not participate herein.