**STATE of Utah, Plaintiff and Respondent,**

v.

**Brent BINDRUP, Defendant and Appellant.**

No. 18134.

Supreme Court of Utah.

Sept. 24, 1982.

Bernard L. Allen, Reed M. Richards, Ogden, for defendant and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals his conviction of second degree murder.[1]

Mr. Robert N. Parrish, Assistant Attorney General, appearing for and on behalf of the plaintiff, has candidly and forthrightly confessed error, which consists of misapplication of the law to the facts of this case.

This case was tried to the court, sitting without a jury. The trial judge determined that the evidence demonstrated beyond a reasonable doubt that defendant and friends, after drinking beer until closing time on October 8, 1980, left an Ogden tavern about 1:30 a.m. in defendant's pick-up truck, with defendant driving. At 31st Street, defendant's vehicle collided with a motorcycle operated by one Charles E. Feeney, causing his death. At the time of the collision, Feeney was eastbound on 31st Street, and entered the intersection of 31st and Washington at a time when a green semaphore light authorized his entry into the intersection. Defendant entered the same intersection, southbound, at a time when a red semaphore light prohibited his entry. Defendant had intentionally and knowingly traversed at least two other intersections in violation of red semaphores prior to this collision. Defendant's blood alcohol level one hour after the collision was .12%, and two hours after the collision was 0.09%.

The trial judge further concluded from credible evidence offered by traffic experts, based upon "critical curve" analysis, that defendant's vehicle was traveling 59 miles per hour. Witness Vickie Bojanski testified that at 30th Street she was waiting in her vehicle while the semaphore was displaying "red" for southbound traffic on Washington Boulevard as defendant's vehicle approached that intersection behind her. She observed defendant's vehicle and became apprehensive at its approach, fearing that it would strike her. Defendant's vehicle did change lanes and avoided striking Bojanski's vehicle. The fatal collision occurred at the next intersection.

In rendering his decision, the trial judge erroneously relied upon the content of the statute[2] under which defendant was charged *prior* to its amendment in 1979,[3] at which time it read as follows:

(1) Criminal homicide constitutes murder in the second degree if the actor:

*   *   *   *   *   *

---

1. In violation of U.C.A., 1953, § 76–5–203(1)(c).

2. *Id.*

3. The 1979 amendment deleted "recklessly" before "engaged in conduct," in subsection (1)(c).

(c) Acting under circumstances evidencing a depraved indifference to human life, he *recklessly* engaged in conduct which creates a grave risk of death to another and thereby causes the death of another.... [Emphasis added.]

The trial judge, in apparent unawareness of the fact that the statute relied upon was obsolete, concluded that: "[T]he defendant clearly engaged in *reckless* conduct which created a grave risk of death to Feeney and did cause the death of Feeney." (Emphasis added.) He thereupon convicted defendant of Criminal Homicide, Murder in the Second Degree.

The 1979 amendment of the statute in question makes it clear that reckless conduct is not sufficient to prove the offense of murder in the second degree. However, reckless conduct as was evidenced by the facts of this case constitutes the offense of manslaughter as defined by U.C.A., 1953, § 76–5–205(1)(a).

The record before us reflects that there is insufficient evidence to support a conviction for the offense of second degree murder, but that there is sufficient evidence to support a conviction for the included offense of manslaughter, *supra.* Particularly is this so in light of the defendant's own admission at trial that he was aware of the risk occasioned by his conduct and that he consciously chose to disregard it.

Pursuant to the provisions of U.C.A., 1953, § 76–1–402(5), the conviction of second degree murder is vacated and set aside and a judgment of conviction is entered for the included offense of manslaughter.

This case is remanded for sentencing.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.