**STATE of Utah, Plaintiff and Respondent,**

v.

**Wayne Sterling PEARSON, Defendant and Appellant.**

No. 19028.

Supreme Court of Utah.

March 27, 1984.

---

Joseph C. Fratto, Jr., Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Theodore Cannon, County Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The appellant was convicted by a jury of attempted burglary[1] and robbery.[2] The sole issue he raises on appeal is insufficiency of the evidence. The jury had before it the following admissible and substantial facts, which are reviewed in favor of the verdict as is customary.

The appellant and a codefendant arranged a clandestine meeting with two teenage boys, Moss and Sisneros, after having discussed a proposed burglary several weeks before with the codefendant. The latter picked the boys up and took them to a service station where the appellant was waiting. Appellant discussed the planned burglary and furnished them with duct tape to tie up the victim, an elderly woman, and gloves to prevent identification. They drove to Moss's home to obtain nylon stockings to be used as masks, then drove to appellant's brother's apartment. The boys were told the location of the house to be burglarized and that it was occupied by the elderly woman, who pos-

sessed cash and jewelry. They were to use a cap pistol furnished by the appellant in perpetration of the break-in and robbery. They left the apartment house and pulled away, but were stopped shortly thereafter by a suspicious police officer. While waiting to be questioned, appellant slipped something through the grating of the police car holding cell, which was retrieved and proved to be a calling card of the service station operator where the meeting was held. On the card was the name and address of the intended victim and the fingerprints of appellant. One of the boys testified that the robbery was to be committed at the home of an elderly woman.

The appellant urges that although there were the earmarks of a planned burglary and robbery, any acts done were mere preparation and not such as were directed toward actual commission of the offense. The appellant concedes in his brief on appeal "the best the evidence showed was that the parties intended to commit a burglary and conspired in that regard." He thus concedes the intention to commit the offense, but simply says there were no overt acts as to its commission. This appears to overlook the fact that the appellant was on his way to the scene of the burglary in a chain of events that, but for the arrest, would have resulted in a breaking and entering and robbery. The acts in the process were "conduct constituting a substantial step toward commission of the offense" that most certainly "corroborated the actor's intent to commit the offense," which intent the appellant does not deny, but actually confirms. The controlling statute, U.C.A., 1953, § 76–4–101, bears witness by its words of the correctness of the verdict of guilt based on the facts. The statute provides, in pertinent part, as follows:

(1) For purposes of this part a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the offense, he engages in conduct con-

---

**1.** In violation of U.C.A., 1953, § 76–6–202.

**2.** In violation of U.C.A., 1953, § 76–6–301.

stituting a substantial step toward commission of the offense.

(2) For purposes of this part, conduct does not constitute a substantial step unless it is strongly corroborative of the actor's intent to commit the offense.

The statute adopts the definition of an "attempt" employed in the Model Penal Code, § 5.01, purposed on drawing the line further away from the final act and enlarging the common law concept. It emphasizes what the accused *has* done,[3] not what remains to be done. The facts in the instant case constitute an "attempt" under the Code and our statute and in the pro-nouncements of the cases cited by the State.[4]

We affirm the conviction and judgment of the trial court as being consonant with the principles attending appellate review enunciated in our recent case of *State v. Howell*, Utah, 649 P.2d 91 (1982), to which reference is made.

---

**3.** As to the "substantial" factor, determinable by the finder of the facts, *see State v. Workman*, 90 Wash.2d 443, 584 P.2d 382 (1978); *State v. McCardell*, Utah, 652 P.2d 942 (1982).

**4.** *State v. Maestas*, Utah, 652 P.2d 903 (1982), where the Code is held applicable, common law definitions of behavior being inapplicable in Utah; *State v. Workman, supra; United States v. Jackson*, 435 F.Supp. 434 (N.Y.1976).