The STATE of Utah, Plaintiff
and Respondent,

v.

G. Bernard DEVLIN, Defendant
and Appellant.

No. 19983.

Supreme Court of Utah.

March 28, 1985.

John Blair Hutchinson, Florence Hutchinson, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was charged and convicted of distribution of cocaine for value in violation of U.C.A., 1953, § 58–37–8(1)(a)(ii). He ap-

peals, arguing that the evidence was insufficient to support the jury verdict of guilty.

An undercover agent working with the Roy City Police arranged to purchase a quarter pound of cocaine from defendant for the price of $8,800. The undercover agent was able to obtain only $2,800 of the purchase price and, at the meeting for the closing of the sale, proposed to defendant's selling agent that she purchase only one ounce for that amount. The selling agent telephoned defendant, who then entered the meeting and personally refused the sale on these terms. The undercover agent then suggested that those involved in the sale drive to Roy, Utah, where, she said, she could raise the remainder of the money to purchase the quarter pound. The money was placed in a bag with the cocaine which was carried by defendant's selling agent, and the group set out. Defendant traveled in a separate car. Both cars were stopped by the police upon a signal from the undercover agent, and all were arrested.

Defendant argues that since the sale was not completed, the State failed to prove that the cocaine was distributed for value. U.C.A., 1953, § 58–37–2(8) defines "distribution for value" as "to deliver a controlled substance in exchange for compensation, consideration, or item of value, or a promise therefor."

The State agrees with defendant's reasoning on this point and requests this Court to enter a conviction for the lesser included offense of attempt to distribute a controlled substance for value,[1] by invoking the provisions of U.C.A., 1953, § 76–1–402(5). Under this section, this Court has the discretion to enter judgment of conviction of a lesser included offense in lieu of granting a new trial if defendant seeks such relief. *See State v. Bindrup*, Utah, 655 P.2d 674 (1982).

We are constrained to agree with the parties that since there was no evidence presented at the trial that the cocaine was delivered, or that value was received therefor, the trial court erred in denying defend-

1. Under U.C.A., 1953, § 58–37–8(7).

ant's motion to charge the jury only on attempted sale of a controlled substance.[2] As defendant admits in his brief, all of the elements, of an attempted sale were present. Defendant had the intent to distribute and took a substantial step toward the completion of the crime, but the sale was not completed.[3]

As defendant requests a new trial and admits all of the elements of an attempt, the conviction of distribution of cocaine for value is vacated and a conviction of attempt under U.C.A., 1953, § 58–37–8(7) is entered. This case is remanded for sentencing.

2. *State v. Ontiveros,* Utah, 674 P.2d 103 (1983).

3. See *State v. Prince,* 75 Utah 205, 284 P. 108 (1930); *State v. Norman,* Utah, 580 P.2d 237 (1978).